UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| In Re. 2025 Subpoena to Children's National Hospital | Case No. 1:25-cv-03780 |

### PARTIES' JOINT REPORT

Pursuant to the Court's January 21, 2026 Order (ECF No. 24), the Parties met and conferred regarding appropriate prophylactic measures to be taken to effectuate the terms of the Court's Order. The Parties were unable to reach an agreement and, therefore, submit instead this Joint Report setting forth their positions.

I.    **The Government's Proposal**

The United States maintains that no prophylactic measures are required to address prior production or use of documents subject to the Court's order, because no documents subject to the order have been produced to the Government by Children's National Hospital. Because no documents subject to the order have been produced, such retrospective prophylactic measures (e.g., segregation, deletion, or other taint-remediation) are not necessary.

To the extent the Court contemplated prophylactic measures going forward to prevent the production under the HIPAA subpoena of documents subject to the order, the United States' preferred procedure is for Plaintiffs to identify themselves to Children's National Hospital through an appropriate, confidential mechanism so the hospital can withhold any such records from future production. Due to concerns raised by Plaintiffs' counsel, the United States also has agreed that Children's National should at all times keep the identities of the plaintiffs confidential and that it need not produce any document that would identify the plaintiffs to the Government.

## II. Movants' Proposal

Movants respectfully submit that the only workable prophylactic measure to effectuate the Court's Order would be for the Government to refrain completely from seeking responses to Requests 11, 12 and 13 from Children's National Hospital. The Hospital is not a party to this litigation, and Movants have no authority to obtain or enforce any agreement from the Hospital. Thus, any response the Hospital might make to Requests 11, 12, or 13 presents a substantial and probable risk that records will be disclosed in violation of the Court's Order. Moreover, such prophylaxis tracks what the Government agreed to in a settlement concerning a substantively identical subpoena issued to Children's Hospital Los Angeles.[1]

Dated: January 28, 2026

| | |
|---|---|
| BRETT A. SHUMATE<br>Assistant Attorney General<br><br>JORDAN C. CAMPBELL<br>Deputy Assistant Attorney General<br><br>LISA K. HSIAO<br>Acting Director<br><br> /s/ Ross S. Goldstein  <br>ROSS S. GOLDSTEIN (Bar No. 15700)<br>PATRICK R. RUNKLE<br>Assistant Directors<br>*(signature authorized by Ross S. Goldstein)*<br><br>SCOTT B. DAHLQUIST<br>STEVEN R. SCOTT<br>Trial Attorneys<br><br><br>United States Department of Justice | /s/ Eve L. Hill  <br>Eve L. Hill (Bar No. 11938)<br>BROWN GOLDSTEIN & LEVY, LLP<br>120 E. Baltimore St., Suite 2500<br>Baltimore, MD 21202<br>Tel: (410) 962-1030<br>Fax: (410) 385-0869<br>ehill@browngold.com<br><br>Jennifer L. Levi (*pro hac vice*)<br>Donovan C. Bendana (*pro hac vice*)<br>GLBTQ LEGAL ADVOCATES &<br>DEFENDERS<br>18 Tremont Street, Suite 950<br>Boston, MA 02108<br>(617) 426-1350<br>jlevi@gladlaw.org<br>dbendana@gladlaw.org<br><br>*Attorneys for Movants* |

---

[1] *See In re 2025 Children's Hospital of Los Angeles Subpoena*, Case No. 2:25-cv-11183, Dkt. No. 25-1 at 2 (C.D. Cal. Jan. 22, 2026) (On December 8, 2025, the Government agreed to withdraw "Subpoena Requests 11, 12, and 13 in their entirety" based on CHLA's representation that the subpoenaed entity was not the appropriate entity to produce patient records (*See* Dkt. No. 25-1 at 35)).

Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
Tel:   (202) 353-4218
Fax:   (202) 514-8742
ross.goldstein@usdoj.gov

*Attorneys for the United States of America*