**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

IN RE 2025 SUBPOENA TO
CHILDREN'S NATIONAL
HOSPITAL

Case No. 25-cv-03780-JRR

**GOVERNMENT'S MOTION FOR CLARIFICATION**

The United States of America respectfully moves to seek clarification of the Court's paperless order of February 3, 2026. ECF 31. In communications of April 27 and 28, 2026, Plaintiffs' counsel has asserted that the Government is in contempt of that Order; the United States vigorously disagrees. Accordingly, the Government seeks the Court's guidance, as the parties apparently sharply disagree as to the meaning of the paperless Order.

**BACKGROUND**

On January 21, 2026, this Court quashed the portions of the challenged subpoena that sought medical records of the named Plaintiffs. ECF 23 and 24. Subsequently, the Court ordered the Government to give "contemporaneous notice" to Plaintiffs' counsel if the Government "took action" to "enforce" the subpoena. ECF 31.

In late March 2026, as part of its typical practice with nearly all subpoena recipients in these matters, the Government had a phone call with counsel for Children's National about its compliance with the portions of the subpoena that this Court did not quash. The Government asked Children's National for its current positions on compliance with the

subpoena, including what to do about the fact that the Court quashed the subpoena as to patient records as to the named Plaintiffs only. The outcome of that call did not result in any patient records being produced to the Government.

On April 27, 2028, Plaintiffs' counsel sent an email to the Government asserting that the Government violated the Court's order and should be held in contempt. The parties held a meet and confer on April 28, 2026, in which Plaintiffs' counsel asserted that the Government's telephone discussion with Children's National counsel about the hospital's compliance with the non-quashed portions of the subpoena (without notifying Plaintiffs' counsel) was a violation of this Court's order because it constituted "enforcement" of the subpoena. The Government relayed to Plaintiffs' counsel that "taking action" to "enforce" a subpoena does not include having a phone call with a subpoena recipient about their voluntary compliance with a subpoena. On the call, the Government raised the idea of filing a motion for clarification with the Court, which Plaintiffs' counsel rejected.

## ARGUMENT

To be clear, the United States wishes to strictly abide by this Court's orders, and seeks clarification as to the meaning of the terms "take action" and "enforce" in the Court's paperless order. The best and only natural reading of the Court's order is that the Government must give notice to Plaintiffs' counsel if it seeks a judicial order compelling Children's National to comply with the subpoena—that is, if the Government seeks to "enforce" the subpoena.

Indeed, an overview of published Fourth Circuit case law simply does not support the idea that the Government having a phone call with a subpoena recipient is "taking action" to "enforce" a subpoena. Rather, the Fourth Circuit has repeatedly referred to the

"subpoena enforcement stage" of a subpoena dispute as being when the Government seeks to compel a party to comply with a subpoena via a court or administrative proceeding. *E.g.*, *EEOC v. Mar. Autowash, Inc.*, 820 F.3d 662, 666–67 (4th Cir. 2016).

In fact, the operative statute at issue here, 18 U.S.C. § 3486, has a subsection titled "Enforcement," and the Government took none of the steps stated in that section to "enforce" this subpoena. 18 U.S.C. § 3486(c). Congress clearly knew what enforcing a HIPAA subpoena means, and it did not include in that section "having a phone call" with counsel for a subpoena recipient as one of those actions. It is simply unreasonable to interpret the Court's paperless order to require the Government to provide notice to Plaintiffs' counsel of an ordinary telephone conversation with counsel for the subpoena recipient, when "enforcement" has a specific meaning in the case law and statutory language; neither encompasses such conduct in any way.

As long as the Court's Order remains in effect, the Government will provide counsel with contemporaneous notice of an enforcement action—when and if it brings such an action. It has not done so. Because the Government has not violated the Court's Order, however, it simply is not in contempt. *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) ("Civil contempt is an appropriate sanction if we can point to an order of this Court which 'set[s] forth in specific detail an unequivocal command' which a party has violated." (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)). The Government respectfully seeks clarification of the Court's previous Order to avoid further unnecessary disputes with Plaintiffs' counsel.

Dated: this 28th day of April 2026.

3

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Enforcement & Affirmative Litigation
    Branch


 /s/ Ross S. Goldstein
ROSS S. GOLDSTEIN (Bar No. 15700)
PATRICK R. RUNKLE
Assistant Directors

SCOTT B. DAHLQUIST
STEVEN R. SCOTT
Trial Attorneys

United States Department of Justice
Enforcement & Affirmative Litigation
    Branch
P.O. Box 386
Washington, DC 20044
Tel:  (202) 353-4218
Fax: (202) 514-8742
Ross.Goldstein@usdoj.gov

4