**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| In Re. 2025 Subpoena to Children's National Hospital | Case No. 1:25-cv-03780 |

**<u>AFFIDAVIT OF EVE L. HILL, ESQ.,</u>**

I, Eve L. Hill, Esq., state as follows:

1.      On April 3, 2026, I participated in a telephone conversation with counsel for Children's National Hospital ("CNH") concerning this action and communications between CNH and the Department of Justice ("DOJ") regarding CNH's compliance with the subpoena duces tecum issued by DOJ to CNH (the "Subpoena").

2.      During that call, counsel for CNH informed me that they participated in a telephone conversation with DOJ on March 30, 2026 regarding CNH's response to the subpoena.

3.      Notwithstanding the Government's prior representation to the Court on February 3, counsel for CNH shared that during the March 30 call, DOJ asked CNH for its final position concerning the production of medical records—including protected health information ("PHI")—of pediatric patients who received gender-affirming care services at CNH.

4.      I also learned that despite DOJ acknowledging to CNH counsel that it did not know the identities of the Movants subject to the Order, DOJ asked CNH to develop a proposal to produce the medical records of those patients who received gender-affirming care services at CNH who were not the subject of the Court's order.

5.      Based on this conversation between DOJ and counsel for CNH, I understand that DOJ is seeking the production of medical records of pediatric patients who received gender-

affirming care services at CNH, without providing "counsel for Movants contemporaneous notice of the same," in violation of the Court's February 3, 2026 Order, ECF No. 31.

6.      Further, in accordance with the Order granting Movants' Motion to Proceed Under Pseudonym, ECF No.2, counsel for the Movants have not provided CNH with any identifying information concerning the Movants.

7.      While counsel for CNH indicated that CNH has not produced any such medical records, any production of medical records or patient-identifying materials by CNH to DOJ in response to the Subpoena risks the disclosure of Movants' "patient medical records, patient identities, or identification of parents or guardians of patients" in violation of the Court's Order.

8.      On April 28, 2026, I met and conferred with counsel for DOJ regarding Movants' anticipated Motion for Order to Show Cause. During that meet-and-confer, the parties were unable to reach agreement. Counsel for DOJ stated their position that the Court's February 3, 2026 Order requires only that DOJ serve Movants' counsel with any court filing DOJ makes to enforce the subpoena and does not require contemporaneous notice of other efforts to obtain compliance from CNH regarding patient medical records.

9.      I affirm that the foregoing is true and correct to the best of my knowledge and belief.


_____                Dated:  _____May 1, 2026_____
**Eve L. Hill, Esq.**


2