IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **IN RE 2025 SUBPOENA TO CHILDREN'S NATIONAL HOSPITAL** | **Civil No.: 1:25-cv-03780-JRR** |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Government's Motion for Clarification (ECF No. 32; the "Motion"), as well as Movants' response in opposition at ECF No. 33.  No hearing is necessary. Local Rule 105.6 (D. Md. 2025).

## I.   JURISDICTION TO CONSIDER THE MOTION

Preliminarily, notwithstanding the pending appeal (ECF Nos. 26, 29), the court concludes it may properly consider the Motion as a matter collateral to the appeal and which may aid the appellate process.  The court finds that the requested clarification will have either no bearing on the matter to be taken up on appeal or may "reliev[e] [the appellate court] from considering the substance of an issue begotten merely from imprecise wording in the" order subject to the Motion. *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (quoting *Lytle v. Griffith,* 240 F.3d 404, 407 n.2 (4th Cir. 2001)); *see also Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 769 F. Supp. 3d 465, 467 (D. Md. 2025) (same).

## II.   RELEVANT BACKGROUND

The court dispenses with setting forth a detailed factual background of the Motion, as it is ably set forth in the Motion, as well as Movants' response.  In the Motion, the Government requests clarification of the order at ECF No. 31, issued after the court's memorandum opinion and order

(ECF Nos. 23, 24) on the Motion to Quash (ECF No. 1), which initiated this action in the first place.  Importantly, the court points out that no motion is before the court to decide whether the conduct described in the Motion is or is not a violation of any order issued by this court—and this court makes no ruling or related findings here; therefore, this order shall not be construed to weigh in on such matters.  The court cabins its analysis and rulings strictly to the request for clarification of its order at ECF No. 31.

To properly frame the court's analysis of the instant Motion, summary of the Motion to Quash and the court's past rulings is helpful.  In the Motion to Quash, Movants sought to quash Subpoena Requests[1] 11 through 13, as well as the balance of the Subpoena to the extent such Requests call for production of their identities and medical records. (ECF No. 1-1 at p. 6.)[2]

On January 21, 2026, the court granted the Motion to Quash (ECF No. 1); that order reads in part:

> **ORDERED** that the administrative subpoena described in the memorandum as the Subpoena shall be, and is hereby, **QUASHED** as to Requests 11, 12, and 13, and as to any other Subpoena Request to the extent it seeks or requires production of Children's National Hospital patient medical records, patient identities, or identification of parents or guardians of patients[.]

(ECF No. 24.)

The court also ordered, *inter alia*: "to the extent documents subject to this order have been produced by Children's National Hospital to the Government, the United States Department of

---

[1] The court uses here the abbreviations used in the memorandum opinion at ECF No. 23.

[2] Subpoena Requests 11, 12, and 13 read as follows: Request 11: Documents sufficient to identify each patient (by name, date of birth, social security number, address, and parent/guardian information) who was prescribed puberty blockers or hormone therapy. Request 12: For each patient identified in Subpoena [Request 11], documents relating to clinical indications, diagnoses, or assessments that formed the basis for prescribing puberty blockers or hormone therapy. Request 13: All documents relating to informed consent, patient intake, and parent or guardian authorization for minor patients identified in [Request 11], including any disclosures about off-label use (i.e., uses not approved by the United States Food and Drug Administration) and potential risks. (ECF No. 1-3 at p. 8.)

Justice shall no longer have access to same unless obtained through lawful, proper means, and not the Subpoena; and within seven (7) days of entry of this order, the parties shall meet and confer regarding appropriate prophylactic measures to be taken and submit a joint proposal to the court re same[.]" *Id.*

In compliance with the court's order at ECF No. 24, on January 28, 2026, the parties filed a Joint Report, which, *inter alia*, advised that no documents had been produced by the Hospital in response to the Subpoena. (ECF No. 25 at p. 1.) The following day, the court ordered as follows:

> The court has reviewed the Parties' Joint Report at ECF No. 25. By Tuesday, February 3, 2026, the Government shall advise by written filing: 1) whether it has initiated or pursued proceedings, motions practice, or the like to secure Subpoena compliance by the Hospital; 1 and 2) if not, whether it intends or plans to do so. Further, to the extent the parties have not already done so, the parties shall promptly transmit a copy of the court's memorandum opinion and order (ECF Nos. 23 and 24) to the Hospital.

(ECF No. 28.)

On February 3, 2026, in response to the order at ECF No. 28, the Government advised

> As to the Court's first inquiry, "whether [the Government] has initiated or pursued proceedings, motions practice, or the like to secure Subpoena compliance by the Hospital," the Government states that it has not. As to the Court's second inquiry, "if not, whether [the Government] intends or plans to do so," the Government states that, it has no current plan or intention to do so. The United States further states that it transmitted a copy of the Court's memorandum opinion and order (ECF 23 and 24) to counsel for the subpoena recipient on January 30, 2026.

(ECF No. 29.)

Thereafter, on February 3, in view of the fact that no documents had been produced by the Hospital (including documents responsive to the quashed portions of the Subpoena), the court ordered as follows: "In the event the Government takes action to enforce the Subpoena, it shall provide counsel for Movants contemporaneous notice of same. The court considers this action

3

closed.  Madam Clerk shall close the case."  (ECF No. 31.)

## III.    ANALYSIS

The court observes that Movants take the position that the Government's described telephone call with counsel for the Hospital[3] is a violation of the order at ECF No. 31.  As a starting place, the court points out to the parties that the order at ECF No. 24 remains in full force and effect, which is to say the Subpoena is quashed as to "Requests 11, 12, and 13, and as to any other Subpoena Request to the extent it seeks or requires production of Children's National Hospital patient medical records, patient identities, or identification of parents or guardians of patients."

Further, in its order at ECF No. 28, the court narrowly confined its follow-up inquiry as to whether the Government had "initiated or pursued proceedings, motions practice, or the like to secure Subpoena compliance by the Hospital" and, if not, whether it plans to do so; the court did not require the Government to disclose whether it had engaged in general communications regarding same, or if it planned to do so.  And, importantly, the Motion to Quash did not seek an order quashing the Subpoena in its entirety; and the court constrained its order at ECF No. 24 accordingly.  Thus, as said earlier, while the court makes no finding or ruling as to whether the Government has violated the court's order at ECF No. 24, the court has issued no order that invalidates, voids, or prohibits enforcement of the Subpoena outside of the specified aspects narrowly and expressly described in the order at ECF No. 24.

The Government, of course, remains obligated to contemporaneously notify Movants should it "take action to enforce" the Subpoena (ECF No. 31), so that Movants may be kept

---

[3] In the Motion, the Government provides: "In late March 2026, as part of its typical practice with nearly all subpoena recipients in these matters, the Government had a phone call with counsel for Children's National about its compliance with the portions of the subpoena that this Court did not quash. The Government asked Children's National for its current positions on compliance with the subpoena, including what to do about the fact that the Court quashed the subpoena as to patient records as to the named Plaintiffs only. The outcome of that call did not result in any patient records being produced to the Government."  (ECF No. 32 at pp. 1-2.)

informed and make an educated decision as to what, if any, action to take as third parties, but the court has not quashed the Subpoena in its entirety (and Movants did not request such relief). Therefore, Movants' position that the court's orders at ECF Nos. 24 and 31 operate in tandem to obligate the Government to provide contemporaneous notification of informal counsel-to-counsel discussions regarding non-quashed portions of the Subpoena is an overbroad reading of the court's orders.[4]

Therefore, it is this 4th day of May 2026:

**ORDERED** that the Motion for Clarification (ECF No. 32) shall be, and is hereby, **GRANTED**; and further it is ordered that the order at ECF No. 31 shall be, and is hereby, modified as follows, with the relevant modification set forth in bold typeface for clarity:

> In the event the Government takes **court** action to enforce the Subpoena, it shall provide counsel for Movants contemporaneous notice of same. The court considers this action closed. Madam Clerk shall close the case.

/S/

_____
Julie R. Rubin
United States District Judge

---

[4] The court acknowledges Movants' position that because the court declined to extend its order at ECF No. 24 to all Hospital patients (based on the court's determination that Movants failed to establish standing to seek such relief), the court's orders effectively leave a blind spot wherein the Hospital might unwittingly disclose records protected by the order at ECF No. 24, because Movants were granted (on their request) the right to proceed pseudonymously (ECF Nos. 2, 24) and the Hospital does not know who they are. The Hospital has actual knowledge of the court's order at ECF No. 24 protecting Movants' records and information (ECF No. 29); the Government remains constrained by the order at ECF No. 24; and Movants' counsel is free to communicate with counsel for the Hospital on Movants' behalf. All parties are obliged to act in good faith to conform their conduct to this court's orders. From Movants' perspective, the relief ordered may be imperfect as a practical matter, but it was fashioned to abide the limit of this court's narrow authority conferred by the U.S. Constitution.